

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2004

# Terminello v. City of Passaic

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4832

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Terminello v. City of Passaic" (2004). *2004 Decisions.* Paper 84.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/84

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4832

GLORIA TERMINELLO; MONTAUCK AMUSEMENT SPACE, INC.

v.

CITY OF PASSAIC; SAMUEL RIVERA, individually and as Mayor of the City of
Passaic; CITY COUNCIL OF THE CITY OF PASSAIC; GARY S. SCHAER,
individually and as President and member of the City Council of the City of Passaic;
GERARDO FERNANDEZ, individually and as member of the City Council of the City
of Passaic; HERMAN S. BARKLEY, JR., individually and as member of the City
Council of the City of Passaic; JOSE GARCIA, individually and as member of the City
Council of the City of Passaic; MARCELLUS JACKSON, individually and as member of
the City Council of the City of Passaic; CHAIM M. MUNK, individually and as member
of the City Council of the City of Passaic; DANIEL J. SCHWARTZ, individually and as
member of the City Council of the City of Passaic; JONATHAN SOTO, individually and
as member of the City Council of the City of Passaic; JOHN H. MCKINNEY, JR.,
individually and as Director of Police of the City of Passaic,

Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(Dist. Court No. 03-4364)
District Court Judge: Hon. John W. Bissell, Chief Judge

Argued November 2, 2004

Before: ALITO, FUENTES, and STAPLETON, Circuit Judges.

(Opinion Filed:    December 13, 2004)

ROBERT E. LEVY (argued)
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue
Lyndhurst, New Jersey  07071

Howard B. Mankoff
Marshall, Dennehey, Warner, Coleman &
Goggin
425 Eagle Rock Avenue
Suite 302
Roseland, NJ 07068

*Counsel for Appellants*

HERALD P. FAHRINGER (argued)
ERICA T. DUBNO
Lipsitz, Green, Fahringer, Roll, Salisbury &
Cambria, LLP
780 Third Avenue, 32nd Floor
New York, New York  10017

*Counsel for Appellees*

OPINION OF THE COURT

PER CURIAM:

As we write only for the parties involved, we will not restate the facts below.  The

City of Passaic appeals a preliminary injunction against the enforcement of Resolution

9439-03.  The effect of the preliminary injunction is to allow the plaintiffs to operate The

Montauck Theater while they challenge the denial of their application for an

entertainment license.  The entertainment license was denied because the theater refused

to employ an off-duty police officer as part of the security team.  For the reasons stated

below, we vacate the order.

I.

Orders granting or denying a preliminary injunction are reviewed for abuse of

discretion.  Catrol, Inc. v. Pennzoil Co., 987 F.2d 939 (3d Cir. 1993).  Because an abuse

of discretion exists where the District Court's decision rests on an incorrect conclusion of

law, the Court applies plenary review to a District Court's legal conclusions.  AmeriSteel

Corp. v. Int'l Bhd. of Teamsters, 267 F.3d 264, 267 (3d Cir. 2001).  In this case, the

appropriate constitutional standard is a question of law, and is therefore subject to plenary

review.

II.

Gloria Terminello and Montauck Amusement Space, Inc. (The Montauck) filed

this case under 42 U.S.C. § 1983.  The statute of limitations for any Section 1983 claim is

determined by referring to the state statute governing actions for personal injuries.  The

plaintiffs filed their action on September 30, 2004, approximately six months after the

City Council's denial of an entertainment license.  The action was therefore timely under

the applicable two-year Jersey statute of limitations. N.J. STAT. ANN. § 2A:14-2 (2003);

see Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

III.

The District Court erred in reviewing the City Council's action under the "arbitrary, capricious, and unreasonable" standard applicable to all exercises of police power under New Jersey Court Rule 4:69 ("Actions in Lieu of Prerogative Writs"). Although this case bears factual similarity to the line of New Jersey cases in which business owners challenged city ordinances requiring them to hire off-duty police officers, this case is legally distinct because it was filed under Section 1983 and specifically asserts violations of the federal Constitution, including rights guaranteed by the First Amendment. Each of the asserted violations must be analyzed in light of the proper constitutional test. See Gottlieb v. Laurel Highlands Sch. Dist., 272 F.3d 168, 171 (3d Cir. 2001). Because the failure to do so constitutes an abuse of discretion, the resulting order must be vacated.

Although the District Court will address the matter in due course, the parties' continued disagreement regarding the constitutional standard applicable to the First Amendment claim prompts a fuller discussion of that question at this time. The Passaic City Council passed Resolution 9439-03 to prevent criminal activity associated with the operation of The Montauck Theater, and therefore the resolution is properly viewed as a regulation directed against the secondary effects of speech. See City of Renton v. Playtime Theaters, Inc., 475 U.S. 41, 47 (1986). Regulations targeting secondary effects remain within the ambit of the First Amendment, but because the city's interest in

4

preserving the quality of urban life weakens the inference of impermissible discrimination, these regulations are subjected only to intermediate scrutiny. See City of Los Angeles v. Alameda Books, 525 U.S. 425, 447 (2002) (Kennedy, J., concurring). Regulations addressing secondary effects must satisfy the same constitutional test as other "time, place, and manner" restrictions on expressive speech. See Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989); Mitchell v. Commission on Adult Entertainment, 10 F.3d 123 (3d Cir. 1993). A regulation will be upheld if (1) it is justified without reference to the content of the regulated speech; (2) it is narrowly tailored to serve a substantial or significant government interest; and (3) it leaves open ample alternative channels for communication. Ben Rich Trading, Inc., et al. v. City of Vineland, 126 F.3d 155, 160 (3d Cir. 1997). Although the ultimate burden of proof rests with the City, the plaintiffs must show a likelihood of success on the merits in order to secure a preliminary injunction. See Phillips v. Borough of Keyport, 107 F.3d 164, 172-73 (3d Cir. 1997) (en banc).

The requirement that the regulation be narrowly tailored to serve a substantial government interest does not demand that the City adopt the least restrictive means capable of achieving their goals. See Ward, 491 U.S. at 799. Nevertheless, a regulation is overbroad if "a substantial portion of the burden on speech does not serve to advance [the government's] goals." Id.; see also Phillips, 107 F.3d at 174. In this case, the District Court could not have properly made this determination because there is no evidence in the record establishing the cost of hiring off-duty police officers as compared to bonded

security guards or the total cost of the measures required by Resolution 9439-03 that were voluntarily adopted by The Montauck. At oral argument, counsel for the City refused to concede that off-duty police officers charge substantially more for their services than bonded security guards. We must assume that counsel had a good faith basis for taking this position, and accordingly on remand the District Court should receive evidence and make findings on the factual issues noted above. The District Court previously found that the requirement that plaintiffs hire off-duty police officers was not justified even in light of plaintiffs' past conduct. On remand, the District Court should address that question armed with facts on the record regarding the relative costs of hiring off-duty officers, and in the context of narrow tailoring.

Because The Montauck's probability of success under the appropriate constitutional test cannot be determined on the record before this Court, we must vacate the preliminary injunction. Our decision is without prejudice to any future application for temporary or preliminary relief grounded on the governing constitutional standard discussed above.